EXAMINATION OF PARTY BEFORE TRIAL.
    Code Civ. Proc. §§ 870, 872, 873, providing for the examination before trial of a party whose testimony is material and necessary to the party applying for such examination, were intended to have a defendant testify in a plaintiff's behalf before trial, where the information sought is wholly and solely known to the former.

Appeal from special term.

Action by Santiago P. Cahill against Frederick A. Kurscheedt. From an order vacating an order for defendant's examination before trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

John Delahanty, for appellant.
Blumenstiel & Hirsch, for respondent.

PER CURIAM. We think that the affidavit upon which the order for defendant's examination before trial was granted was sufficient. The order for his examination should stand, and the order appealed from, which vacated it, should be reversed. The testimony desired by plaintiff is solely within the defendant's personal knowledge, and is necessary for plaintiff to have upon the trial, to maintain this action. It seems to us that sections 870, 872, and 873 of the Code were enacted especially to have a defendant to testify in a plaintiff's behalf before trial, where the information sought for is wholly and solely only known to him. The plaintiff should be allowed to examine such adverse and unfavorable witness before trial, just as he would usually examine a favorable witness out of court, so that upon the trial he may know just what testimony to expect from such witness. In our judgment, it is only just and equitable to allow the examination of defendant in this instance.

Order appealed from reversed, and order for examination of defendant affirmed, with costs.

---

TRAITEL et al. v. DWYER.

(City Court of New York, General Term. January 3, 1900.)

1. EVIDENCE TO CONTRADICT ADMISSIONS—ADMISSIBILITY.
    Where defendant's answer admits certain allegations in the complaint, evidence offered by him contradicting such admissions is inadmissible.

2. ACCOUNT STATED—EVIDENCE.
    In an action on an account stated, a judgment in another action by plaintiff against defendant is inadmissible as a credit to defendant, without proof that it was recovered on some of the items in the account.

Appeal from special term.

Action by Benjamin D. Traitel and others against Thomas Dwyer. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Hardy & Shellabarger, for appellant.

M. S. & I. S. Isaacs, for respondents.

PER CURIAM. The complaint alleges that on November 20, 1893, an account was stated between plaintiffs and defendant. Two thousand five hundred dollars was the amount agreed upon. On October 2, 1895, $1,500 was paid on account thereof; on January 31, 1896, $500; and on November 7, 1896, $502.83. Complaint demands judgment for $326.61, with interest from November 7, 1896, which sum was the amount of the interest upon said principal sum, or the unpaid part thereof, from November 20, 1893, to November 7, 1896, when final payment of the principal sum was made. The answer denies that there is any money due and owing plaintiffs from defendant, and further alleges that the full amount of any indebtedness has been paid.

Upon the trial defendant attempted to introduce evidence showing that defendant paid the $2,500 mentioned by giving three promissory notes for that amount on November 20, 1893, the day the account was agreed upon. All such evidence was excluded by the trial justice, and properly so, because, under the pleadings, no such issue was made. In fact, defendant's answer admits plaintiffs' allegations in paragraph 3 of the complaint, which states when and in what manner said sum of $2,500 was paid, and no evidence contradicting the admission so made could be properly admitted in evidence. Therefore it was right to exclude the proposed evidence, as was done.

The defendant further, to sustain his allegation of payment, attempted to show that subsequent to November 20, 1893, plaintiffs obtained a judgment against him for the value of certain services rendered and materials furnished, but in no way was it attempted even to be proved that the judgment so obtained affected in any way the account in question, or that it should be credited against it. The judgment roll introduced by defendant shows conclusively that the verdict obtained ($698.09) in said action was for work done, which was not comprised in, and was no part of, the items which evidently made up the said $2,500 fixed in the account stated on November 20, 1893. Therefore, as we understand the record presented, the trial justice was right in directing a verdict in favor of plaintiffs, because defendant failed to prove payment of the claim sued upon, as he alleged in his answer.

Judgment is affirmed, with costs.